**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**DEWAYNE HALEY**                                                                                      **PLAINTIFF**

**V.**                                          **NO. 3:15-CV-00052 BD**

**MIKE ALLEN, et al.**                                                                            **DEFENDANTS**

**ORDER**

**I.     Background:**

Plaintiff Dewayne Haley, a former inmate at the Crittenden County Detention Center, filed this lawsuit *pro se* under 42 U.S.C. § 1983, alleging that Defendant Dickerson was deliberately indifferent to his medical needs and that Defendants Allen, Coleman, and Bonner knew about the inadequate medical care but failed to take corrective action. (Docket entry #2, #22) Defendants have moved for summary judgment on all of Mr. Haley's claims. (#31) For reasons set forth below, the Defendants' motion for summary judgment (#31) must be GRANTED.

**II.    Discussion:**

    A.    Standard

Summary judgment is appropriate when the evidence submitted by the parties, viewed in a light most favorable to the nonmoving party, shows that there is no real dispute about the facts that are important to the outcome of the case. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986).

B.   Undisputed Facts

On the afternoon of August 27, 2014, at approximately 3:00 p.m., Mr. Haley's cell as well as others were flooded. (#2) Around 5:30 the next morning, Mr. Haley slipped on the water on his cell floor. (#2) He was in pain and asked to see the nurse. (#2)

Defendant Dickerson was called, and staff informed her that Mr. Haley had fallen, but that he had gotten up unassisted and was denying numbness, loss of sensation, or loss of consciousness. (#33, Ex. 3) Defendant Dickerson advised staff to give Mr. Haley ibuprofen until she could see him the next morning, and he was put in a holding cell. (#2, #33, Ex. 1, 2, & 3)

Defendant Dickerson saw Mr. Haley the following day. (#2) Mr. Haley alleges that Defendant Dickerson refused to give him any medication. (#2) Following her assessment of Mr. Haley on August 28, 2014, Defendant Dickerson wrote: "Pt. observed self ambulating w/out gait disturbance until entrance to nurses office. . . . no visible swelling, redness, bruising . . . denies numbness, tingling . . . . gave over the counter ibuprofen." (#33, Ex. 2, p. 9)

According to Mr. Haley's medical records, each time Mr. Haley filed a treatment form, Defendant Dickerson reviewed it and responded with either her own medical treatment or a referral to a physician. (#33) Mr. Haley had medical appointments on September 9, 11, 15, and 17 of 2014, on November 18, 2014, and on January 9, 2015. (#33, Ex. 2 & 3)

Mr. Haley alleges that he wrote Defendants Bonner, Coleman, and Allen grievances regarding his alleged lack of medical care.  (#2)  Mr. Haley alleges that he was finally able to see a doctor on November 13, 2014, three months after the incident, and the doctor prescribed muscle relaxers.  (#22)

C.     Deliberate-Indifference Claim

It is unclear whether Mr. Haley was a pre-trial detainee or a prisoner at the time of the incident; however, the same deliberate indifference standard applies in either circumstance.  *Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010).

Determining whether an official was deliberately indifferent to a pretrial detainee or a prisoner's medical needs involves both objective and subjective analyses.  *Scott v. Benson*, 742 F.3d 335, 339–40 (8th Cir. 2014).  To prevail, Mr. Haley must establish that he suffered from an objectively serious medical need.  *Id*. at 340.  He must also show that Defendants "actually knew of but deliberately disregarded [his] serious medical need." *Id*.  This showing requires a mental state "akin to criminal recklessness."  *Id*. (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)).

Mr. Haley must show "more than negligence, more even than gross negligence." *Fourte v. Faulkner County, Ark.*, 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)).  He must show that the Defendants' actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care."  *Dulany v. Carnahan*, 132 F.3d 1234, 1240-41 (8th Cir. 1997).

1. Defendant Dickerson

Based on the evidence, no reasonable jury could find that Defendant Dickerson acted with deliberate indifference to Mr. Haley's medical needs. Mr. Haley appears to disagree with the decision to give him only ibuprofen for his back pain. It is well settled, however, that a prisoner's disagreement with a prescribed course of treatment is insufficient to establish a deliberate indifference. *Langford v. Norris*; 614 F.3d 445, 460 (8th Cir. 2010); *Dulany v. Carnahan*, 132 F.3d 1234, 1239-40 (8th Cir. 1997).

Further, Mr. Haley claims that three months after the incident, on November 13, 2014, a doctor prescribed muscle relaxers. Even assuming that Mr. Haley experienced a delay in receiving medical treatment, he has not come forward with any medical evidence demonstrating that he was harmed by the alleged delay in receiving medical treatment for his back injury. *See Gibson v. Weber*, 433 F.3d 643, 646-47 (8th Cir. 2006) (explaining that, to defeat summary judgment, a prisoner must produce verifying medical evidence that establishes the detrimental effect of the alleged delay in medical care); *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997) (same). Based on these undisputed facts, his deliberate-indifference claim against Defendant Dickerson fails.

2. Defendants Allen, Coleman, and Bonner

It is well settled that there is no vicarious liability in § 1983 actions; instead, a defendant may be held liable only for his or her direct, personal involvement in the a constitutional violation. *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001); *Keeper v.*

*King*, 130 F.3d 1309, 1314 (8th Cir. 1997). Additionally, prison supervisors who lack medical expertise cannot be held liable for decisions made by medically trained prison staff. See, *e.g., Drake ex rel Cotton v. Koss*, 445 F.3d 1038, 1042-43 (8th Cir. 2006) (holding that jailers could not be held liable for a psychiatrist's determination that a pretrial detainee was not suicidal); *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002) (holding that a prison medical director could not be held liable for refusing to override a prison doctor's decision that an inmate did not need a continuous positive air pressure machine to treat sleep apena); *Keeper v.* King, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that a prison superintendent could not be held liable for a prison doctors' failure to properly diagnosis symptoms of an impending stroke); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (holding that a prison treatment director and a prison warden could not be held liable for "the medical staff's diagnostic decision not to refer [an inmate] to a doctor for treatment of his shoulder injury").

Prisoner supervisors may be held liable if they are aware that a prisoner is not receiving constitutionally adequate medical care, but fail to take proper corrective action. *Schaub v. VonWald*, 638 F.3d 905 (8th Cir. 2011); *Langford*, 614 F.3d 445. In this case, however, the Court has determined that Defendant Dickerson provided Mr. Haley constitutionally adequate medical care. Therefore, claims against Defendants Allen, Coleman, and Bonner based on their failure to take proper corrective action also fail.

### III. Conclusion:

The Defendants' motion for summary judgment (#31) is GRANTED. Mr. Haley's claims are DISMISSED, with prejudice.

IT IS SO ORDERED this 10th day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE